IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **CHAD PITCHER**,<br><br>       Plaintiff,<br><br>       v.<br><br>**PAT GARRETT; WASHINGTON COUNTY; JOHN GANGER; and BRENNA COLLINS**,<br><br>       Defendants. | Case No. 3:20-cv-869-SI<br><br>**ORDER** |

Chad Pitcher, Plaintiff *pro se*.

Jennifer K. Oetter and Iain Armstrong, LEWIS BRISBOIS BISGAARD & SMITH LLP, 888 SW Fifth Avenue, Suite 900, Portland, OR 97204. Of Attorneys for Defendant Brenna Collins.

**Michael H. Simon, District Judge.**

      Plaintiff Chad Pitcher, representing himself, brings this lawsuit against Defendants Washington County Sheriff Pat Garrett, Washington County, Washington County Deputy Sheriff John Ganger (collectively, the County Defendants), and Brenna Collins (Collins), who was employed to provide medical services at the Washington County Jail. On April 5, 2021, the Court granted the County Defendants' motion for summary judgment. ECF 29. Plaintiff alleges that Collins was deliberately indifferent to Plaintiff's serious medical needs in violation of the

Eighth and Fourteenth Amendments to the United States Constitution. Collins has moved for summary judgment. ECF 25. Plaintiff did not respond to Collins' motion. The Court *sua sponte* extended by four weeks Plaintiff's deadline to respond. ECF 30. Plaintiff again failed to respond. The Court requested supplemental briefing from Collins and Plaintiff on the correct legal standard for Collins' motion. ECF 31. Collins timely filed a supplemental brief. ECF 32. Plaintiff again failed to respond. The Court now GRANTS Collins' Motion for Summary Judgment.

## STANDARDS

A party is entitled to summary judgment if the "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party has the burden of establishing the absence of a genuine dispute of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The court must view the evidence in the light most favorable to the non-movant and draw all reasonable inferences in the non-movant's favor. *Clicks Billiards Inc. v. Sixshooters Inc.*, 251 F.3d 1252, 1257 (9th Cir. 2001). Although "[c]redibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge . . . ruling on a motion for summary judgment," the "mere existence of a scintilla of evidence in support of the plaintiff's position [is] insufficient . . . ." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252, 255 (1986). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (citation and quotation marks omitted).

Plaintiff did not file a response to Defendants' motion for summary judgment. A court may not, however, grant summary judgment by default. *See Heinemann v. Satterberg*, 731 F.3d 914, 916-17 (9th Cir. 2013). When a party fails to respond to a fact asserted by the movant, a court may:

> (1) give [the party] an opportunity to properly support or address the fact; (2) consider the fact undisputed for purposes of the motion; (3) grant summary judgment if the motion and supporting materials—including the facts considered undisputed—show that the movant is entitled to it; or (4) issue any other appropriate order.

Fed. R. Civ. P. 56(e). This rule was amended in 2010 to incorporate the "deemed admitted" practice of many courts—where a party fails to respond to an asserted fact, that fact may be "deemed admitted" (considered as undisputed). *Heinemann*, 731 F.3d at 917. Here, the Court will consider as undisputed the facts asserted by Collins in her unopposed motion. Considering a fact as undisputed, however, does not mean that summary judgment automatically may be granted. A court must still determine, considering the facts the court has found undisputed for want of a response, the legal consequences and proper inferences to be drawn from those facts. *Id.* (quoting Fed. R. Civ. P. 56 Advisory Committee Notes (2010)). Accordingly, the Court considers Collins' Motion on the merits in light of the undisputed facts.

## BACKGROUND

Plaintiff was injured when he fell out of a van while being transported to the Washington County Jail (the Jail) on May 3, 2019. At the time of his injury, Plaintiff was a pretrial detainee—he had not yet been convicted of any crime. Collins was working as a nurse in the Jail that day and treated Plaintiff immediately after his fall. Plaintiff described his fall and reported to Collins that he was suffering from generalized pain, especially in his left shoulder and right foot. Plaintiff told Collins that he had prior issues with his left shoulder and that he believed that the fall had aggravated his prior shoulder injuries. Plaintiff told Collins that he hit the side of his head and "saw stars," but suffered no loss of consciousness, dizziness, or blurry vision. Collins confirmed with the sheriff's deputy who had escorted Plaintiff to her that Plaintiff never lost consciousness. Collins examined Plaintiff and found that his vital signs were stable and that he was in no acute distress. Collins noted that Plaintiff had some overt signs of pain during

manipulation of his left shoulder, but he still had a full range of motion in his shoulder and could ambulate with a smooth and steady gait. Collins also noted that Plaintiff had mild discoloration and signs of bruising to his knees and the top of his right foot and left shoulder with a mild abrasion to his left arm, but no bleeding or particulars noted. Based on her examination of Plaintiff, Collins assessed a non-critical injury fall with pain. Collins initiated a pain protocol, provided ICE packs, water, and cleaned Plaintiff's abrasions. Collins informed Plaintiff of the treatment plan. Collins also informed Plaintiff that it was normal under the circumstances for him to feel sore for several days and that he should rest and take medication as prescribed. Collins also told Plaintiff to notify staff of any continued or worsening symptoms. Plaintiff told Collins that he understood and agreed with the treatment plan.

Plaintiff filed this lawsuit on May 29, 2020. On January 8, 2021, Plaintiff was served with Collins' first set of interrogatories and requests for productions. On February 1, 2021, Plaintiff was served with Collins' first set of requests for admissions. The deadline to respond to both requests has passed, and Plaintiff has not responded or objected. As a result of his failure to respond or object to Collins' requests for admission, Plaintiff is deemed to have admitted the requested matters. *See* Rule 36(a)(3) of the Federal Rules of Civil Procedure. Accordingly, Plaintiff has admitted that: (1) he was seen and evaluated by Collins immediately after his alleged injury; (2) he related his pain to an aggravation of prior injuries; (3) he was provided with ICE packs, pain medication, a sling, and range of motion exercises for his shoulder; (4) that he received an x-ray to evaluate his shoulder, and that the x-ray showed no acute fracture or osseous abnormality; (5) Collins neither delayed or denied him care; (6) Collins' care was reasonable and appropriate for his injuries; and (7) during a physical November 8, 2019

examination he demonstrated grossly normal strength, function, and no injuries in all of his extremities.

## DISCUSSION

**A. Request for Judicial Notice**

Defendant requests that this Court take judicial notice of Plaintiff's state court sentencing on November 13, 2019. *See* ECF 25 at 2 n.1. Defendant offers this fact to establish Plaintiff's status as a pre-trial detainee on the date that Collins treated Plaintiff's injury. Rule 201(b) of the Federal Rules of Evidence permits the court to take notice of an adjudicative fact when it "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Federal courts routinely take judicial notice of state court proceedings. *See Harris v. Cnty. of Orange*, 682 F.3d 1126, 1132 (9th Cir. 2012). The Court therefore GRANTS Defendant's request and takes judicial notice of *State v. Chad Brandon Pitcher*, Washington County Court Case No. 17CR63109, and the fact that Plaintiff was sentenced on or about November 13, 2019 by the Honorable Janelle Wipper in Washington County, Oregon.

**B. Fourteenth Amendment Claim**

Despite being given a substantial amount of time and additional comments from the Court about the importance of doing so, Plaintiff has not responded to Collins' motion with any evidence disputing the facts set forth therein. The evidence offered by Collins thus establishes the key facts relevant to the Court's decision on summary judgment, and there is no material issue of fact in dispute. Plaintiff was a pre-trial detainee at the time of his fall and subsequent medical treatment by Collins. Because he was not yet convicted, Plaintiff's claim is analyzed under the Fourteenth Amendment's objective deliberate indifference standard to evaluate a pre-trial detainee's claim of inadequate medical care. *See Gordon v. Cnty. of Orange*, 888

F.3d 1118, 1124-26 (9th Cir. 2018). Under this test, a plaintiff must show the following four elements:

> (i) the defendant made an intentional decision with respect to the conditions under which the plaintiff was confined; (ii) those conditions put the plaintiff at substantial risk of suffering serious harm; (iii) the defendant did not take reasonable available measures to abate that risk, even though a reasonable official in the circumstances would have appreciated the high degree of risk involved—making the consequences of the defendant's conduct obvious; and (iv) by not taking such measures, the defendant caused the plaintiff's injuries.

*Gordon*, 888 F.3d at 1125 (citing *Castro v. Cnty. of L.A.*, 833 F.3d 1060, 1071 (9th Cir. 2016)). This standard has been likened to reckless disregard—"a mere lack of due care by a state official does not deprive an individual of life, liberty, or property under the Fourteenth Amendment." *Id.* (quoting *Castro*, 833 F.3d at 1071).

The first element is met. Collins made an intentional decision with respect to the conditions under which Plaintiff was confined. Collins acted intentionally when she chose how to provide medical care to Plaintiff following his injury.

Collins, however, argues that Plaintiff cannot establish a genuine issue in dispute regarding any of the remaining elements. Specifically, Plaintiff cannot show: (1) that Collins' decision with respect to his medical treatment put Plaintiff at substantial risk of suffering serious harm; (2) that Collins failed to take reasonable available measures to abate a risk of serious harm to Plaintiff; (3) that a reasonable official in Collins' position would have appreciated a risk of harm to Plaintiff and that Collins' failure to appreciate the risk of harm was objectively unreasonable; or (4) that Plaintiff was injured as a result of Collins' failure to take reasonable available measures.

The evidence does not show a material issue of fact as to whether Plaintiff was at substantial risk of serious harm because of the medical care that Collins provided. Collins

evaluated Plaintiff immediately after his fall and assessed his condition as "non-critical." Collins noted that Plaintiff showed no signs of acute distress, his vital signs were stable, he was able to ambulate normally, and had normal range of motion through his shoulder. Plaintiff told Collins that he had hit his head and "saw stars," but suffered no loss of consciousness, dizziness, or blurry vision. Collins' examination of Plaintiff disclosed no fracture or other acute injury to Plaintiff's shoulder, an impression which was confirmed by Plaintiff's later x-ray results. Collins informed Plaintiff of her assessment and treatment plan, and Plaintiff agreed with the plan, insisting that he could still attend his scheduled court appearance.

Plaintiff has not provided any evidence of a specific serious condition or injury suffered because of his fall. Plaintiff made a full recovery by November 8, 2019, when Plaintiff showed no lingering effects and normal function in all extremities during a physical examination. The undisputed facts show that Plaintiff received scrapes and bruising due to his fall but no critical injury which posed a risk of serious harm if untreated. Based on the non-critical nature of Plaintiff's injuries and his full recovery, there is no disputed issue of material fact as to whether Plaintiff was in substantial risk of serious harm if he failed to receive adequate medical care. Plaintiff cannot establish this necessary element of his claim, and Collins is entitled to judgment as a matter of law.

Because there is not dispute of fact, and the Court finds as a matter of law that Collins did not make an intentional decision with respect to her medical care that caused Plaintiff to be at a substantial risk of serious harm, it necessarily follows that Collins also did not fail to take reasonable available measure to abate said risk, that her actions do not demonstrate objective deliberate indifference or reckless disregard, and that her action (or inaction) caused Plaintiff's injuries.

## CONCLUSION

Defendant Brenna Collins' Motion for Summary Judgment (ECF 25) is GRANTED. This case is dismissed.

**IT IS SO ORDERED**.

DATED this 9th day of July, 2021.

<u>/s/ *Michael H. Simon*</u>
Michael H. Simon
United States District Judge